**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4726**

_____

UNITED STATES OF AMERICA,

           Plaintiff – Appellee,

      v.

ELIJAH BEN PASCHELKE,

           Defendant – Appellant.

_____

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  John Preston Bailey,
Chief District Judge.  (3:07-cr-00097-JPB-DJJ-2)

_____

Submitted:  February 18, 2010          Decided:  June 8, 2010

_____

Before NIEMEYER, MICHAEL, and SHEDD, Circuit Judges.

_____

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

_____

L. Richard Walker, Senior Litigator, FEDERAL PUBLIC DEFENDER
OFFICE, Clarksburg, West Virginia, for Appellant.  Thomas Oliver
Mucklow, Assistant United States Attorney, Martinsburg, West
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elijah Ben Paschelke pled guilty, pursuant to a plea agreement, to one count of aiding and abetting the manufacture of marijuana, in violation of 18 U.S.C. § 2 (2006) and 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006). The district court sentenced Paschelke to 188 months' imprisonment. On appeal, Paschelke's counsel has filed an Anders[1] brief suggesting that there are no non-frivolous issues for appeal, but questioning whether the district court plainly erred in accepting Paschelke's guilty plea. The Government has moved to dismiss the appeal in part based on Paschelke's waiver of appellate rights and in part on the lack of merit in the unwaived issue. We dismiss in part and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly

---

[1] Anders v. California, 386 U.S. 738 (1967).

2

waived his right to appeal is a question of law that this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Paschelke knowingly and voluntarily waived the right to appeal his sentence. We therefore grant the Government's motion to dismiss in part and decline to perform any Anders review of Paschelke's sentence. Although Paschelke's appeal waiver insulates his sentence from appellate review, the waiver does not preclude our consideration of the claim Paschelke's counsel raises on appeal[2] or prohibit our review of Paschelke's conviction pursuant to Anders. Consequently, we deny the motion to dismiss in part.

Turning, then, to the claim raised in counsel's brief, because Paschelke did not move in the district court to withdraw his guilty plea, his challenge to the adequacy of the Fed. R. Crim. P. 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the transcript of the plea hearing leads us to conclude that the district court substantially complied with the

_____

[2] The Government moves to dismiss the claim raised by counsel as meritless. This constitutes, in effect, a motion for summary affirmance of the unwaived claim. This court reserves such a motion for extraordinary circumstances not present here. 4th Cir. R. 27(f).

mandates of Rule 11 in accepting Paschelke's guilty plea and that the court's omissions did not affect Paschelke's substantial rights. Critically, the transcript reveals that the district court ensured the plea was supported by an independent factual basis and that Paschelke entered the plea knowingly and voluntarily with an understanding of the consequences. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Accordingly, we discern no plain error.

In accordance with Anders, we have reviewed the remainder of the record in this case and have found no unwaived and meritorious issues for appeal. We therefore affirm Paschelke's conviction and dismiss any appeal of his sentence. We also deny Paschelke's motions seeking an extension of time to file a pro se supplemental brief and for other relief. This court requires that counsel inform Paschelke, in writing, of the right to petition the Supreme Court of the United States for further review. If Paschelke requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Paschelke.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before the court and argument would not aid the decisional process.

DISMISSED IN PART;<br>AFFIRMED IN PART